UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MERCASIA USA, LTD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17-CV-718 JD |
| | ) |
| JIANQING ZHU and 3BTECH, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This is a patent infringement action. Plaintiff MercAsia USA, Ltd. holds the rights to a patent for a device that can aerate and dispense wine from a bottle. It alleges that 3BTech, Inc. has sold a product, called the Waerator, that infringes that patent. In addition to suing 3BTech, MercAsia sued 3BTech's president, Jianqing "Johnny" Zhu. It asserts theories of direct, induced, and contributory infringement against both defendants. 3BTech filed an answer to the complaint, but Mr. Zhu moved to dismiss, arguing that the complaint does not allege a basis on which to hold him personally liable for the alleged infringement. For the following reasons, the Court agrees and grants the motion to dismiss.

## I. FACTUAL BACKGROUND

MercAsia holds the rights to U.S. Patent No. 7,882,986 for a "Liquid Dispenser." The patented device can be placed on top of a wine bottle, and with the push of a button, it will aerate and dispense the wine into a glass. MercAsia markets its embodiment of the patented device under the name Aervana domestically, and the name Vinaera abroad.

MercAsia alleges in this action that the defendants have sold a device that infringes on that patent. In particular, it alleges that 3BTech sells an electric wine aerator called the Waerator, and that the Waerator infringes on the patent. 3BTech is incorporated in the State of Indiana. It

has also sold the Waerator under the assumed name Better Choice Online, and it services warranties under the assumed name Warranty Pro. It has registered both of those assumed names with Indiana's secretary of state. The trademark for the Waerator is held by Zake IP Holdings, LLC, which is also affiliated with Mr. Zhu and has the same business address as 3BTech.

MercAsia alleges that, in addition to selling an infringing device, 3BTech has made false and misleading statements about the device. In promotional materials, 3BTech stated that the Waerator uses "a patented air injection process," even though 3BTech does not hold a patent on the device. 3BTech also purchased the internet domain name www.vinaerausa.com—Vinaera being a name under which MercAsia markets its embodiment of the patent—and forwarded traffic from that site to the Waerator's website.

In addition to suing 3BTech, MercAsia also sued 3BTech's president, Mr. Zhu. MercAsia alleges that 3BTech is merely Mr. Zhu's alter ego, so he should be held liable for its infringing sales. MercAsia also alleges that another company that Mr. Zhu owns or operates, Zake International, Inc., has also infringed the patent. Though 3BTech answered the complaint, Mr. Zhu moved to dismiss the claims against him personally. That motion has now been fully briefed.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its

face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

### III. DISCUSSION

Mr. Zhu has moved to dismiss each of MercAsia's claims against him. The Court begins with the claim of direct patent infringement, which is the focus of the parties' briefs, and then addresses the claims for induced and contributory infringement.

**A.      Direct Infringement**

MercAsia first asserts a claim for direct patent infringement under 35 U.S.C. § 271(a). That statute provides a cause of action against a defendant who "without authority makes, uses, offers to sell, or sells any patented invention." 35 U.S.C. § 271(a). A corporate officer such as Mr. Zhu can, under certain circumstances, be held liable for the corporation's acts of infringement. *Wordtech Sys., Inc. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010); *Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1331 (Fed. Cir. 1999). "However, the corporate veil shields a company's officers from personal liability for direct infringement that the officers commit in the name of the corporation, unless the corporation is the officers' alter ego." *Wordtech*, 609 F.3d at 1313; *see also Al-Site*, 174 F.3d at 1331 ("Personal liability under § 271(a), however, requires sufficient evidence to justify piercing the corporate veil."). Mr. Zhu argues that MercAsia's allegations do not give rise to a basis for

piercing the corporate veil, so the complaint fails to state a claim against him for direct infringement.

MercAsia offers a threshold argument in response, contending that Indiana law holds corporate officers responsible for torts they commit in their employment, and that because patent infringement is a tort, Mr. Zhu can be held liable without needing to pierce the corporate veil. However, patent infringement is a federal statutory cause of action. Thus, federal law governs the scope of liability for patent infringement, not state law. And as just noted, federal courts have consistently held federal law holds corporate officers liable for direct infringement only when there is a basis to pierce the corporate veil. *Wordtech*, 609 F.3d at 1313; *Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286 (Fed. Cir. 2007); *Al-Site*, 174 F.3d at 1331; *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 552 (Fed. Cir. 1990) (holding that for officers "to be personally liable for [their employer's] infringement under section 271(a), there must be evidence to justify piercing the corporate veil"). In fact, the Federal Circuit acknowledged in *Wordtech* that "patent infringement is a tort, and in general, a corporate officer is personally liable for his tortious acts, just as any individual may be liable for a civil wrong." 509 F.3d at 1313. Yet it held that, absent a basis to pierce the corporate veil, federal law does not hold corporate officers liable for direct infringement. *Id.*

To hold Mr. Zhu personally liable for direct infringement, MercAsia must therefore plausibly allege a basis for piercing the corporate veil against him. *Wordtech*, 609 F.3d at 1313 ("To determine whether corporate officers are personally liable for the direct infringement of the corporation under § 271(a) requires invocation of those general principles relating to piercing the corporate veil."). Piercing the corporate veil is not something that is done lightly. *Al-Site*, 174 F.3d at 1331 ("The corporate entity deserves respect and legal recognition unless specific,

4

unusual circumstances justify disregarding the corporate structure."); *Manville*, 917 F.2d at 552 ("The court . . . must start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception. Moreover, unless there is at least specific intent to escape liability for a specific tort the cause of justice does not require disregarding the corporate entity.").

In determining whether to pierce the corporate veil, courts typically apply the law of the state of incorporation. *Secon Serv. Sys. v. St. Joseph Bank & Trust Co.*, 855 F.2d 406, 413 (7th Cir. 1988); *Chapel Ridge Invs., LLC v. Petland Leaseholding Co.*, No. 1:13-cv-146, 2013 WL 6331095, at *2 (N.D. Ind. Dec. 4, 2013). 3BTech is incorporated in Indiana, so the Court looks to Indiana's standard for piercing the corporate veil. In Indiana, "the burden on a party seeking to 'pierce the corporate veil' is severe." *Escobedo v. BHM Health Assocs., Inc.*, 818 N.E.2d 930, 933 (Ind. 2004). Indiana permits the corporate veil to be pierced "only where (1) the corporate form is so ignored, controlled, or manipulated that it is merely the instrumentality of another, and (2) the misuse of the corporate form constitutes a fraud or promotes injustice." *Id.* at 934–35. Indiana courts have identified a number of "guideposts" that can be considered in determining whether those elements are met, including:

> (1) undercapitalization; (2) absence of corporate records; (3) fraudulent representation by corporation shareholders or directors; (4) use of the corporation to promote fraud, injustice, or illegal activities; (5) payment by the corporation of individual obligations; (6) commingling of assets and affairs; (7) failure to observe required corporate formalities; or (8) other shareholder acts or conduct ignoring, controlling, or manipulating the corporate form.

*Id.* at 933; *Aronson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994).

In seeking to meet that standard, MercAsia relies largely on conclusory allegations, and the few facts it alleges fail to meaningfully support those allegations and fall short of plausibly

5

alleging a basis to pierce 3BTech's corporate veil against Mr. Zhu.[1] To begin with, MercAsia does not allege that 3BTech is undercapitalized, that there is an absence of corporate records, that it has paid any individual obligations, or that it has failed to observe required corporate formalities. MercAsia does argue that 3BTech has commingled its assets and affairs, but its allegations do not support that argument. MercAsia alleges that 3BTech sells the Waerator under the names 3BTech and Better Choice Online, and that it services warranties under the name Warranty Pro. However, the complaint also alleges that Better Choice Online and Warranty Pro are assumed names of 3BTech, and that 3BTech has duly registered those assumed names with the secretary of state's office. Thus, there is no commingling among those entities; they are the same entity. MercAsia also alleges that another entity, Zake IP Holdings, LLC, owns the intellectual property associated with the Waerator. MercAsia offers no reason to believe that such an arrangement is illegitimate, though, or that it constitutes a commingling of those entities' assets and affairs.[2] *See Wechsler*, 486 F.3d at 1296. And even if those entities were alter egos of each other, such that MercAsia could recover against Zake IP Holdings, MercAsia has not shown how that constitutes a commingling of *Mr. Zhu's* personal assets or affairs with those entities, such that Mr. Zhu could be held personally liable. Other allegations, like that the entities share a common business address, may likewise be relevant to whether those entities can be held liable

---

[1] Much of MercAsia's response is premised on its argument that a motion to dismiss can be granted "only if it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief." [DE 39 p. 6–7]. However, the Supreme Court explicitly rejected that as the standard for a motion to dismiss over ten years ago. *Twombly*, 550 U.S. at 562–63 ("*Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough. . . . [T]his famous observation has earned its retirement."). The "no set of facts" language referred only to the proposition that factual allegations in a complaint are taken as true; it did not mean that bare legal conclusions would suffice to state a claim, nor did it excuse a party from alleging facts sufficient to raise the right to relief above the speculative level. *Id.* at 555, 563.

[2] In fact, MercAsia alleges that its own patent is owned by a separate entity, which granted MercAsia a license to exercise rights pursuant to the patent. [DE 27 ¶ 13].

for each other's conduct, but do not show why the corporate veil should be pierced against Mr. Zhu.³ *See Oliver v. Pinnacle Homes, Inc.*, 769 N.E.2d 1188, 1192 (Ind. Ct. App. 2002).

MercAsia relies heavily on allegations that 3BTech has made false statements and engaged in misleading conduct about its product, which MercAsia argues shows a misuse of the corporate form that constitutes a fraud or promotes injustice. MercAsia alleges that 3BTech falsely stated in promotional material that the Waerator is patented. It also alleges that 3BTech bought the internet address www.vinaerausa.com, and redirected traffic from that address to the Waerator's website. MercAsia alleges that this conduct is fraudulent and misleading. These allegations miss the mark here, though, as that conduct has nothing to do with a misuse *of the corporate form*. *CBR Event Decorators, Inc. v. Gates*, 962 N.E.2d 1276, 1282–83 (Ind. Ct. App. 2012) ("[T]he fraud or injustice alleged by a party seeking to pierce the corporate veil must be caused by, or result from, misuse of the corporate form.").

The fact that a company engages in fraud does not mean that *the corporate form* is being used to promote fraud; the company itself can be sued and held accountable for its conduct just as an individual who engaged in the same conduct. As discussed in *Gates*:

> [T]he showing of inequity necessary to satisfy the second prong must flow from the misuse of the corporate form. The mere fact that a corporation commits an unfair labor practice, or breaches a contract, or commits a tort, does not mean that the individual shareholders of the corporation should be personally liable. . . . It is only when the shareholders disregard the separateness of the corporate identity *and when that act of disregard causes the injustice or inequity or constitutes the fraud* that the corporate veil may be pierced.

---

³ MercAsia also alleges that another company, Zake International Inc., has also infringed its patent. If MercAsia wants to hold Mr. Zhu liable for direct infringement by Zake International, it would need to plausibly allege Zake International is Mr. Zhu's alter ego, *Wordtech*, 609 F.3d at 1313, but it has made no effort to do so. Nor does that allegation suggest that *3BTech* is Mr. Zhu's alter ego.

7

*Id.* at 1283 n.2. If, for example, a company was undercapitalized and insolvent and its owners used company funds to pay their personal debts, then hiding behind the corporate form to escape liability for tortious conduct could constitute a misuse of the corporate form. There is no suggestion of that here, though, nor is there any nexus between the alleged fraud and the corporate form itself. *Id.* at 1283 ("Critically, the fraud alleged by [the plaintiff] has nothing to do with misuse of the corporate form. . . . Even if [the allegation of fraud] were true, this alleged fraud does not flow from any misuse of the corporate form; it has no nexus to the corporate form.").Thus, MercAsia has not alleged any way in which the corporate form is being misused to promote fraud or injustice.

For those reasons, the Court finds that MercAsia has failed to plausibly allege a basis upon which Mr. Zhu could be held personally liable for the claim of direct infringement by 3BTech. Accordingly, the Court grants the motion to dismiss in that respect.

**B.      Indirect Infringement**

MercAsia's complaint also asserts claims for induced and contributory infringement. Unlike claims for direct infringement, corporate officers who personally engage in induced and contributory infringement can be held liable for those acts without needing to pierce the corporate veil. *Wordtech*, 609 F.3d at 1315–17. Thus, in moving to dismiss these claims, Mr. Zhu argued that the complaint does not allege the elements of these claims against him. [DE 35 p. 19–23]. In its response, MercAsia did not acknowledge or respond to these arguments. In fact, its brief does not even acknowledge its claims for induced or contributory infringement. "[A] district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss." *Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018). Given MercAsia's failure to respond to these arguments or articulate how the complaint

plausibly alleges the claims of induced or contributory infringement against Mr. Zhu,[4] the Court grants the motion to dismiss as to those clams.

## IV. CONCLUSION

The Court GRANTS Mr. Zhu's motion to dismiss. [DE 34]. This action remains pending as to the claims against 3BTech.

SO ORDERED.

ENTERED: August 13, 2018

                                                  /s/ JON E. DEGUILIO
                                                  Judge
                                                  United States District Court

---

[4] The only direct references in the complaint to induced or contributory infringement are made up of nearly impenetrable boilerplate that merely asserts legal conclusions, which does not suffice to state a claim. *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). And MercAsia has not developed an argument as to how any other allegations in the complaint support these claims.