## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

MERCASIA USA, LTD., *an Illinois Corporation*,

        Plaintiff,

        v.

JIANQING "JOHNNY" ZHU, *an individual*; and 3BTECH, INC., *an Indiana Corporation*,

        Defendants.

Case No. 3:17-cv-00718-JD-MGG

## MERCASIA USA, LTD.'S SUPPLEMENT TO SECOND STIPULATED REQUEST FOR <u>STATUS CONFERENCE</u>

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

RELEVANT FACTUAL BACKGROUND ............................................................................ 2

ARGUMENT .................................................................................................................... 4

    I.    Search terms are not a substitute for responsiveness determinations ............................. 4

    II.   3BTech's "lack of time" argument is purely a result of its own delays ......................... 5

    III.  The Court has no way to know whether costs are "disproportionate" ............................ 6

CONCLUSION ................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

*Remy Inc. v. Tecnomatic, S.P.A.*,

    No. 1:11-CV-00991-SEB, 2013 WL 1310216 (S.D. Ind. Mar. 27, 2013)................................. 5

*Donald v. Outlaw*, No. 2:17-CV-32-TLS-JPK, 2019 WL 3562158 (N.D. Ind. Aug. 6, 2019) ...... 4

*United States ex rel. Proctor v. Safeway, Inc.*,

    No. 11-CV-3406, 2018 WL 1210965 (C.D. Ill. Mar. 8, 2018)................................................... 4

**Rules**

Fed. R. Civ. P. 26(g)(1).................................................................................................................. 4

# INTRODUCTION

The latest dispute between the parties requiring the Court's attention[1] relates to 3BTech Inc.'s ("3BTech") document production of August 13, 2020. (Dkt. No. 130, at 1-2.) Specifically, 3BTech produced over 45,000 documents (approximately 360,000 pages), a statistically significant sampling of which shows that less than 3% is responsive to MercAsia USA, Ltd.'s ("MercAsia") Requests for Production ("RFPs"). (*Id.*) 3BTech has since admitted that it did not conduct a review of the documents for responsiveness prior to production, and it refuses to conduct one now because (1) the documents are responsive to search terms; (2) 3BTech "did the best [they] could" with the two days their ESI vendor gave them with the documents prior to the production deadline; and (3) the cost to review for responsiveness is disproportionate to the "amount in controversy." 3BTech's arguments lack merit in light of the facts both preceding and following its production.

MercAsia respectfully requests the Court's assistance to ensure that 3BTech honors its discovery obligations—or at least to ensure that MercAsia suffers no undue prejudice for 3BTech's discovery misconduct. MercAsia seeks an order that either requires (1) 3BTech to compensate MercAsia for all fees and costs incurred in reviewing 3BTech's production; or (2) 3BTech to recall its production and produce only documents responsive to MercAsia's RFPs. If the Court is inclined to grant the latter, MercAsia requests a status conference to identify with specificity what steps 3BTech must take. Regardless of what relief is granted, however, MercAsia requests that the Court take under advisement 3BTech's continued discovery misconduct for purposes of adjudicating

---

[1] As of this filing, MercAsia has received no additional documents since August 13, 2020 and is still awaiting the remainder of 3BTech's production which by Court Order was due yesterday.  A review of the answers/objections served yesterday, however, reveal that 3BTech continues to willfully withhold documents pertaining to profits and losses, corporate records, and other documents relevant to damages and maintaining the corporate form.

MercAsia's pending Motion for Sanctions in the Form of Entry of Default Judgment (Dkt. No. 98).

## RELEVANT FACTUAL BACKGROUND

The discovery challenges in this matter are well documented. MercAsia propounded its first set of RFPs in December 2019, and thereafter it was forced to engage in an extensive motions practice to address 3BTech's repeated discovery failures. (*See* Dkt. No. 66 (MercAsia's First Motion to Compel); Dkt. No. 98 (MercAsia's Motion for Sanctions filed in part because 3BTech failed to supplement its document production as ordered by the Court); Dkt. No. 106 (MercAsia's Second Motion to Compel addressing 3BTech's misrepresentations in discovery and failure to answer or produce documents).) In contrast, MercAsia has complied with all its discovery obligations. (MercAsia's Opposition to 3BTech's Motion to Compel, Dkt. No. 117, at 5-6.) And the parties' agreement to employ mutually agreeable search terms as part of their production efforts was instrumental to MercAsia's timely and complete production.

MercAsia was first to propose using search terms to facilitate discovery. (*See* Dkt. No. 118-2, at 3.) The parties exchanged proposed search terms for use in the collection and review of ESI, but MercAsia did so while communicating explicit caveats. (Declaration of John D. Denkenberger in Support of MercAsia's Supplement to Second Stipulated Request for Status Conference ("Denkenberger Decl."), attached hereto as Exhibit A, ¶ 2 and corresponding Exhibit 1.) Specifically, MercAsia recognized that use of search terms alone could be problematic.  For that reason, it expressly informed 3BTech—at the same time it provided the search terms for use—that "regardless of the search terms used, [the] requests for production control." (*Id.*)

Consistent with the understanding of the parties at that time, MercAsia applied the search terms approved by 3BTech to pare "roughly 1.1 million [collected] documents" to "roughly

73,000" potentially responsive documents. (Dkt. No. 117, at 5.) Thereafter, MercAsia employed "an attorney review team" to conduct a responsiveness and privilege review, which then resulted in MercAsia timely producing only "roughly 23,000 responsive, non-privileged documents." (*Id.*) MercAsia's review therefore saved 3BTech from having to review roughly 50,000 non-responsive documents containing at least one 3BTech-approved search term.

In contrast, and as admitted by its counsel, 3BTech did not review any of its production for responsiveness prior to production. (*See* Denkenberger Decl., ¶¶ 4-7.) Indeed, when MercAsia learned from 3BTech's counsel during the Court's August 13, 2020 status conference that its production contained "garbage," MercAsia took steps to determine the responsiveness of 3BTech's production immediately upon receipt. Within two days, MercAsia was able to determine that less than 3% of 3BTech's production was responsive to MercAsia's RFPs. (*Id.*)

MercAsia thereafter requested that 3BTech recall its production and re-produce only documents responsive to at least one MercAsia RFP after a reasonable inquiry. (*Id.*) During the related meet-and-confer, 3BTech refused. Instead, 3BTech's counsel explained that they "did the best [they] could" because they "did not have time" to conduct a review for responsive documents—they had received the documents from their ESI vendor only "two days before" the July 31 deadline, even for those responsive to RFPs served as long as eight months earlier. (*Id.*)

Counsel further admitted that it designated its production *en masse* as "Attorneys' Eyes Only" again because it lacked time to conduct a confidentiality review. (*Id.*) Counsel also stated that it had no obligation to conduct a review for responsiveness prior to production because each document was responsive to a search term. (*Id.*) Finally, 3BTech argued that the cost to conduct a responsiveness review would be disproportionate given the "amount in controversy." (*Id.*) To that

end, MercAsia's counsel noted that 3BTech still had not produced documents that would inform the inquiry concerning the actual amount in controversy. (*Id.*)

## ARGUMENT

Given 3BTech's admittedly defective production, and particularly given the admissions by 3BTech's counsel, MercAsia should not have to bear any fees and costs associated with the review of that production. 3BTech cannot justify producing "garbage" as part of a production, particularly where the problem was known prior to production.

### I.  Search terms are not a substitute for responsiveness determinations

The notion that 3BTech did not have to conduct a responsiveness review because the parties agreed to the use of search terms is belied by record evidence, the course of dealings between the parties, and by governing law. It also defies common sense because such a production would very likely turn over attorney work product/privileged documents. It is axiomatic that absent agreement of the parties or Court Order, a party must undertake efforts to conduct a responsiveness review prior to production. *See*, *e.g.*, *Donald v. Outlaw*, No. 2:17-CV-32-TLS-JPK, 2019 WL 3562158, at *10 (N.D. Ind. Aug. 6, 2019) (quashing subpoena for documents because compliance would impose undue burden of requiring review of "tens, if not hundreds, of thousands of references" located by way of search terms); *id.* at *5 ("Compliance with the subpoena would require . . . employees to review these documents [identified by search term] further to determine their responsiveness and the application of any potential privilege."); *United States ex rel. Proctor v. Safeway, Inc.*, No. 11-CV-3406, 2018 WL 1210965, at *3 (C.D. Ill. Mar. 8, 2018) ("Safeway must review the Issue Files to identify the responsive documents.") A party must make reasonable inquiry and certify that discovery is complete and responsive. Fed. R. Civ. P. 26(g)(1). Under the

facts of this case, Safeway's key number search alone was not a reasonable inquiry under Rule 26(g).

Here, the Court did not issue any Order declaring that the use of search terms would be sufficient for responsiveness determinations. *Cf. Remy Inc. v. Tecnomatic, S.P.A.*, No. 1:11-CV-00991-SEB, 2013 WL 1310216, at *8 (S.D. Ind. Mar. 27, 2013) (Court ordered that producing party may produce documents "responsive to a search term without review" where Court approved of search terms in advance). Further, the parties did not agree that search terms would obviate the need for responsiveness reviews. MercAsia in fact expressly stated the opposite—that "regardless of the search terms used, [the] requests for production control." (Denkenberger Decl., ¶ 2 and corresponding Exhibit 1.)

Moreover, 3BTech was on notice well before its document production that MercAsia did not use search terms as a proxy for responsiveness. MercAsia's counsel declared under oath that MercAsia expended considerable resources in conducting a privilege and responsiveness review beyond the mere use of search terms. (Declaration of John Whitaker in Support of MercAsia's Opposition to 3BTech's Motion to Compel, Dkt. No. 117-1, ¶ 17 ("Approximately 2,700 attorney hours were expended on the MercAsia document collection and review process.").) Under these circumstances, search terms did not obviate the need for a responsiveness review.

## II.    3BTech's "lack of time" argument is purely a result of its own delays

The notion that 3BTech lacked sufficient time to conduct a responsiveness review prior to production, and therefore was not obligated to conduct such a review, defies reason. 3BTech has had over seven months to provide its first meaningful, responsive document production. MercAsia is still waiting for it. 3BTech's own dilatory conduct cannot substantiate its argument that it lacked

time to conduct a basic responsiveness review prior to production. To conclude otherwise would provide a pathway for abusive litigants to shirk their discovery obligations.

### III.     The Court has no way to know whether costs are "disproportionate"

3BTech maintains that it was not required to review its production for responsiveness because the cost to do so would be disproportionate to the amount in controversy. This is not the first time 3BTech has advanced this argument, but it has yet to provide any supporting evidence. (*E.g.*, Dkt. 71, at 3 (opposing MercAsia's Motion to Compel in part because the "amount in controversy in the present action is relatively low," but where the sales numbers relied upon by 3BTech were later proven through third-party discovery to be underreported); Dkt. No. 93 (same); Dkt. No. 99, at 23 (addressing 3BTech's continued refusal to produce meaningful documents and preventing MercAsia from "assessing for itself the amount of potential damages at issue.").) 3BTech therefore has yet to meet its burden to show disproportionality.

Regardless, 3BTech knowingly producing "garbage" in response to RFPs is inexcusable. At a minimum, 3BTech should have informed MercAsia ***prior to production*** that it would not have the opportunity to conduct a responsiveness review. Then, if the parties could not reach agreement on a suitable alternative to determine responsiveness, 3BTech should have moved for a protective order. MercAsia knows of no authority, and 3BTech has cited to none, that excuses the production of known "garbage" and other irrelevant documents simply because of a party's belief that the discovery required review measures that are beyond the scope of permissible discovery.

3BTech knew by no later than July 8, 2020—the date by which MercAsia disclosed under oath the steps it took to ensure a timely and responsive document production—that 3BTech would be expected to do more than rely on search terms to ensure responsiveness. Indeed, MercAsia made that clear as early as June 24, 2020, when it stated unequivocally that search terms would

control regardless of search terms used. Under these circumstances (or any other), knowingly producing "garbage" is never proper. Regardless of the "amount in controversy," 3BTech should have at least attempted to confer with MercAsia prior to production to determine if equally agreeable and less expensive measures could be employed. Its failure to do so cannot be excused.

**CONCLUSION**

For the foregoing reasons, MercAsia respectfully requests the relief requested above, or at least a status conference to discuss the impropriety of 3BTech's discovery tactics.


DATE: September 1, 2020.


/s/John D. Denkenberger
John D. Denkenberger (admitted *pro hac vice*)
Brian F. McMahon (admitted *pro hac vice*)
John Whitaker (admitted *pro hac vice*)

Christensen O'Connor Johnson
Kindness PLLC
1201 Third Avenue, Suite 3600
Seattle, WA  98101-3029
Telephone:  206.682.8100
Fax:  206.224.0779
E-mail:  john.denkenberger@cojk.com,
brian.mcmahon@cojk.com,
john.whitaker@cojk.com, litdoc@cojk.com

Erin Linder Hanig (29113-71)
SouthBank Legal:
LaDue Curran & Kuehn LLC
100 E. Wayne St., Suite 300
South Bend, IN 46601
Tel: 574-968-0760
Fax: 574-968-0761
ehanig@southbank.legal

*Attorneys for Plaintiff MERCASIA USA, LTD.*

**CERTIFICATE OF SERVICE**

I hereby certify that on Tuesday, September 01, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael A. Swift
maswift@maginot.com
Harold C. Moore
hcmoore@maginot.com
MAGINOT, MOORE & BECK, LLP


/s/John D. Denkenberger
John D. Denkenberger