UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MERCASIA USA, LTD, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:17-CV-718-JD-MGG |
| | ) | |
| JIANQING ZHU, *et al.*, | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

On June 17, 2020, Plaintiff, MercAsia USA, LTD ("MercAsia"), filed its Motion for

Sanctions in the Form of Entry of Default Judgment. [DE 98]. On July 1, 2020,

Defendant, 3BTech, Inc. ("3BTech") filed its response in opposition of Plaintiff's motion.

Plaintiff's motion became ripe on July 8, 2020 when it filed its reply brief. This motion

was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C.

§ 636(b)(1)(B) and Fed. R. Civ. P. 72(b). [DE 102]. The undersigned held a motion

hearing to discuss this motion, among others resolved by separate order, on February 1,

2021. Having reviewed the parties' written briefs and their oral arguments, the

undersigned recommends that Plaintiff's motion for sanctions be denied.

I.    **RELEVANT BACKGROUND**

The underlying facts of this patent case are well documented in other orders of

this Court and need not be repeated here except as follows. MercAsia's patent

infringement claim arises out of 3BTech's sale of the Waerator ("Accused Product"), an

electronic wine dispenser that is activated by the push of a button. MercAsia alleges

that this Accused Product infringes on its patent, U.S. Patent No. 7,882,986, titled

"liquid dispenser." 3BTech's President, Mr. Jianqing "Johnny" Zhu, was dismissed as a

defendant to this case in August 2018, when this Court found no basis for personal

liability against him in regards to the alleged infringement. [DE 46].

The parties are currently engaged in discovery. MercAsia began its efforts to

collect relevant documents and financial information in December 2019, by serving its

first set of Requests for Production ("RFPs") upon 3BTech. 3BTech did not timely

respond or object to the RFPs and MercAsia was forced into protracted exchanges

attempting to secure proper and complete responses to its RFPs. MercAsia subsequently

served additional sets of RFPs on 3BTech and faced similar problems securing timely

and complete responses. 3BTech's communications throughout included

misrepresentations to MercAsia as to when responsive information would be produced

and how much responsive information it possessed or controlled. 3BTech's dilatory and

nonresponsive conduct led MercAsia to file a pair of motions to compel [DE 66, DE 106]

that have been resolved by separate order of this Court. In that order, the undersigned

found that 3BTech's dilatory and incomplete discovery responses were not substantially

justified and that other circumstances did not make an award of reasonable expenses,

including attorney fees, under Rule 37(a)(5)(A) unjust. [DE 146]. Accordingly, the

undersigned awarded MercAsia its expenses related to its two motions to compel.

While the motions to compel were pending, MercAsia filed the instant Motion

for Sanctions on June 17, 2020. Citing Fed. R. Civ. P. 37, MercAsia asks the Court to

sanction 3BTech with an entry of default judgment based upon its discovery abuse and

litigation misconduct in this matter to date. MercAsia also asks the Court to hold Mr. Zhu jointly and severally liable for any award resulting from entry of default arguing that he participated in and directed 3BTech's misconduct despite no longer being a party to this case. In support, MercAsia contends that neither 3BTech nor Mr. Zhu have complied with this Court's orders, its Local Rules, its Local Patent Rules, the Federal Rules of Civil Procedure, or their ethical obligations of candor with the Court and with MercAsia.

The Court scheduled the motion hearing for February 1, 2021. [DE 139]. In preparation for the hearing, the parties conferred as to the status of the five outstanding motions as ordered. On January 27, 2021, the parties timely filed their resulting Status Report. [DE 143]. The Status Report indicated that the parties had resolved two of the outstanding motions, which have since been denied as moot. [DE 145]. Despite resolution of other portions of the parties' discovery disputes, MercAsia maintained that "the relief sought by way of its Motion for Sanctions in the form of entry of default judgment is sadly still warranted in these proceedings." [DE 143 at 8]. At the telephonic motion hearing on February 1, 2021, the undersigned heard further argument on MercAsia's Motion for Sanctions upon which this Report and Recommendation is based[1].

_____

[1] At the telephonic motion hearing, MercAsia argued for the first time that by failing to appropriately respond to a timely-served Request for Admission under Fed. R. Civ. P. 36, 3BTech has admitted infringement of MercAsia's patent. Without proper briefing, the presumably dispositive question of whether 3BTech has admitted infringement is not before the Court at this time. Additionally, the Court will not consider this matter as evidence of dilatory or otherwise improper discovery conduct in support of the instant Motion for Sanctions.

## II.    ANALYSIS

Fed. R. Civ. P. 37(b)(2)(A) authorizes various forms of sanctions, including entry of default judgment, against a party who fails to obey a court order to provide or permit discovery. Default judgment is also a possible sanction for failure to respond to Rule 33 interrogatories or Rule 34 requests for inspection and failure to preserve electronically stored information. Fed. R. Civ. P. 37(d)–(e). Here, MercAsia attempts to paint a picture of discovery abuse and litigation misconduct by 3BTech and Mr. Zhu throughout the entirety of this case. The pattern of misconduct MercAsia describes includes allegations that 3BTech failed to obey two of this Court's orders among other things.

First, MercAsia directs the Court's attention to its order dated May 29, 2020. [DE 87]. Through that order, the Court granted 3BTech's motion to amend its brief in response to MercAsia's first motion to compel having taken notice of erroneous statements in the brief that only came to 3BTech's attorney's attention after Amazon produced information responsive to a subpoena from MercAsia. To mitigate the effects of 3BTech's erroneous statements, the Court ordered 3BTech to "supplement its discovery responses to Plaintiff on or before **June 12, 2020**[, and] file an Amended Response to Plaintiff's Motion to Compel on or before **June 19, 2020**. [DE 87 at 2–3 (emphasis in original)]. On June 10, 2020, after failing to secure agreement from MercAsia to extend the supplemental production deadline to July 31, 2020, 3BTech filed a motion to extend those deadlines as well as all remaining discovery deadlines. Amidst the flurry of filings the next day was 3BTech's amended response to MercAsia's motion

to compel—filed before 3BTech served its supplemental production on MercAsia. Thus, MercAsia asserts that 3BTech failed to obey the Court's May 29th order.

Second, MercAsia argues that 3BTech's June 10th extension motion failed to comply with the Court's Rule 16(b) Scheduling Order dated November 5, 2019. In support, MercAsia cites to the "Explanation of Scheduling Order" attached to the Scheduling Order. In discussing modification of the Scheduling Order or "extensions of time with respect to the deadlines for amendments, discovery, and dispositive motions," the Explanation stated:

> A motion to extend the discovery deadline should set forth (a) a statement of the discovery completed, (b) a specific description of the discovery that remains to be done, (c) a statement of the reason(s) discovery was not completed within the time allowed, and (d) a proposed schedule for the completion of the remaining discovery.

[DE 59 at 4].

MercAsia also relies on the extensive history of this action, reaching back almost 3-1/2 years, to justify the default judgment it now seeks. MercAsia alleges that 3BTech improperly incorporated prior art references raised in IPR proceedings before the PTAB into its Preliminary Invalidity Contentions in violation of the Patent Act, 35 U.S.C. § 315. Further, MercAsia contends that 3BTech improperly changed its claim construction position, including an untimely request to present expert testimony, after the parties' Joint Claim Construction and Prehearing Statement. MercAsia also points to 3BTech's motion for temporary restraining order and preliminary injunction, which sought injunctive relief on a claim that had not been pleaded in 3BTech's counterclaim. MercAsia also suggests that 3BTech, through Mr. Zhu, and its counsel made multiple

misrepresentations as to the timing and completeness of its discovery responses.
MercAsia lays responsibility for 3BTech's allegedly intentional, dilatory, and
obstreperous approach to discovery at the feet of Mr. Zhu personally.

### A.  *Drop Stop* **Case**

MercAsia argues that 3BTech and Mr. Zhu's pattern of conduct in this case not
only mirrors but is "exactly the same" as their approach as defendants in a 2018 patent
case before the Central District of California. *See Drop Stop LLC v. Jian Qing Zhu*, No. CV
16-07916 AG (SSX), 2018 WL 1407031, at *5 (C.D. Cal. Jan 22, 2018), aff'd, 757 F. App'x
994 (Fed. Cir. 2019) ("*Drop Stop*"). In *Drop Stop*, the court ordered the defendants—
including Mr. Zhu and 3BTech, to pay $600,000 in attorney fees to the plaintiff after
final judgment was entered based upon the parties' post-summary judgment
settlement. *Id.* at *1, *9. The court reasoned that the defendants' conduct throughout
litigation of the case constituted an "exceptional case" under the Patent Act, 35 U.S.C.
§ 285, thereby authorizing the court to award reasonable attorney fees to plaintiff as the
prevailing party. *Id.* at *4. In considering the totality of the circumstances as required
under the statute, the court concluded that viewed individually, the defendants'
behaviors both before and during litigation did not appear exceptional but that
cumulatively, they did. *Id.* at *5. Among the behaviors of concern was the defendants'
"failure to produce any discovery at all until after Plaintiff served them with a motion
to compel." *Id.* at *6. The court's opinion also recognized problematic litigation tactics
throughout the case, some of which were sanctioned before the plaintiff's post-
judgment request for attorney fees was even presented to the court. *Id.*

Given the *Drop Stop* court's emphasis on the entirety of 3BTech and Mr. Zhu's conduct during litigation, MercAsia's recitation here of a litany of alleged misconduct in this litigation is understandable. However, the relevant facts of this case can be distinguished from those in *Drop Stop*. The *Drop Stop* court was reviewing 3BTech's and Mr. Zhu's conduct in that case after judgment was entered with the benefit of hindsight to consider the totality of circumstances as required to apply a particular statutory standard for determining whether the unusual remedy of attorney fees to the prevailing party was warranted. MercAsia seeks the more punitive sanction of default judgment here in the middle, rather than at the end, of litigation. MercAsia wants to shoehorn the "exceptional case" standard from the Patent Act's fee statute into its Motion based on Fed. R. Civ. P. 37's discovery sanctions provision. Moreover, this Court's only concern in assessing MercAsia's sanction motion is 3BTech and Mr. Zhu's conduct in this case. Their conduct in *Drop Stop* may be interesting but is of no relevance here and cannot guide this Court's decision as to whether default judgment as a Rule 37 sanction is warranted in this case.

### B.    Default Judgment under Rule 37

Under Fed. R. Civ. P. 37, "a default judgment may be awarded if it is a sanction proportional to the discovery failure." *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1383 (7th Cir. 1993); *see also Maynard v. Nygren*, 332 F.3d 462, 467–68 (7th Cir. 2003). Default judgment is proportional "when there are willful or bad faith violations of discovery orders[,] a pattern of contumacious conduct or dilatory tactics or the failure of less drastic sanctions." *Id.* Bad faith is "characterized by conduct which is either intentional

or in reckless disregard of . . . obligations to comply with a court order." *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992). Fault is defined as "extraordinarily poor judgment" or "gross negligence" rather than "mistake or carelessness" regardless of intent. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016); *see also United Consumers Club, Inc. v. Prime Time Mktg. Mgmt. Inc.*, 271 F.R.D. 487, 502 (N.D. Ind. 2010).

Yet, courts only impose default judgment as a Rule 37 sanction in "extreme situations [with] a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) (internal quotations and citations omitted). "[T]he sanction selected [by the court] must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Salgado v. General Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998). Dismissal is the "ultimate" sanction "reserved for cases in which the offending party has demonstrated willfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000). After all, "the interests of justice are best served by resolving cases on their merits, . . . ." *Id.* (quoting *Schilling v. Walworth Cnty. Park & Plan. Comm'n*, 805 F.2d 272, 275 (7th Cir. 1986)). As such, absent willfulness, bad faith, or fault, "the careful exercise of judicial discretion requires that a district court consider less severe sanctions." *Schilling*, 805 F.2d at 275.

In instances where an individual "repeatedly obstruct[s] legitimate discovery efforts" on behalf of a corporation or other entity, a district court has the authority to hold that person liable without needing to "pierce the corporate veil." *Johnson v.*

8

*Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999). "[The individual's] own participation in that misconduct provides a solid basis for individual sanctions." *Id.*

MercAsia has not established that 3BTech's discovery tactics constitute the wilfulness, bad faith, or fault necessary to justify the sanction of default judgment under Fed. R. Civ. P. 37. 3BTech's disregard for MercAsia's discovery requests along with its dilatory, incomplete responses and related misrepresentations outlined above and in MercAsia's motions to compel are certainly improper. *See* Fed. R. Civ. P. 1, 11(b), 26(b), 34. However, Rule 37(a)(5) works to disincentivize, and arguably sanction, such discovery conduct when a resulting motion to compel is granted by mandating payment of motion-related expenses, including attorney fees, by the nonmovant. This Court already awarded such expenses to MercAsia in its related order resolving the motions to compel. [DE 146]. The Court's fee-shifting order has just been entered such that 3BTech and Mr. Zhu have not had time to react or alter their discovery conduct. Thus, the Court cannot yet discern the effectiveness of the Rule 37(a)(5) award of expenses and fees to MercAsia. Moreover, MercAsia's Motion for Sanctions may suggest an inference of willfulness, bad faith, or fault but more than an inference is needed to warrant the draconian sanction of default judgment.

MercAsia's allegations that 3BTech failed to comply with this Court's November 2019 Scheduling Order and its May 2020 Order establishing deadlines for 3BTech's supplemental production and its amended response brief do not warrant default judgment either. Notwithstanding MercAsia's arguments to the contrary, 3BTech's extension motion complied sufficiently with the Court's Scheduling Order. [DE 89]. The

motion was not devoid of the information requested by the Court in the Explanation of its Scheduling Order.

With that said, 3BTech's sequencing of its amended response brief before serving its supplemental discovery responses did not achieve the goal intended by the Court's order. As MercAsia suggests, the Court intentionally sequenced the supplemental production before the amended response brief with hopes that some, if not all, of the issues in the relevant motion to compel would be resolved by the supplemental production. Nevertheless, 3BTech technically complied with the Court's order. 3BTech only sought an extension of its deadline for supplemental production, not its deadline to file an amended response brief. As such, the brief, filed on June 11, 2020, was timely because it was filed before the June 19th deadline established in the Court's May 2020 Order. MercAsia again wants the Court to infer willfulness, bad faith, or fault from 3BTech's sequencing of its filings but has failed to connect its conclusion to any meaningful evidence of such malintent, recklessness, or even gross negligence.

3BTech's alleged litigation misconduct in in its substantive filings arguably need not be considered here as they are ancillary to Rule 37, which focuses on discovery sanctions. Even if those allegations were relevant, however, they would not support a sanction of default judgment. 3BTech's use of prior art references in its preliminary invalidity contentions has yet to be litigated and 3BTech presents arguments and legal authority here to suggest that there could be a legitimate question on this issue. Since MercAsia filed its Motion for Sanctions, the Court issued its claim construction order in which on claim construction MercAsia's concerns about 3BTech's position shifts was

addressed and ruled upon accordingly. [DE 110 at 8–9]. Similarly, the Court denied

3BTech's motion for temporary restraining order or preliminary injunction after the

instant Motion was filed. [DE 111]. In essence, 3BTech was sanctioned by the Court's

substantive decisions creating no need for further sanctions especially given MercAsia's

lack of evidence of willfulness, bad faith, or fault on these matters.

Thus, MercAsia has not established that default judgment as a Rule 37 sanction is

warranted or proportional to the needs of this case at this time.

### C.    Alternative Sanctions

MercAsia alternatively asked the Court to sanction 3BTech with

(1) an order barring 3BTech from raising on summary judgment or at trial
any grounds of patent invalidity based in whole or in part on any prior art
reference previously cited to the Patent Trial and Appeal Board as part of
the related *Inter Partes* Review of the patent in suit;
(2) a finding that the litigation conduct employed by 3BTech to date
amounts to vexatious and obstreperous litigation misconduct; and
(3) an award of fees and costs, attributable both jointly and severally to
3BTech and Mr. Zhu, incurred in briefing the following issues,
necessitated only by 3BTech's dilatory and vexatious litigation
misconduct:
> (a) MercAsia's Motion to Compel, including the supplemental
> briefing required due to Mr. Zhu's misrepresentations to his own
> counsel (*see* Dkt. No. 86),
> (b) this Motion for Sanctions,
> (c) that portion of the claim construction briefing addressing
> 3BTech's untimely disclosure and reliance upon expert testimony,
> and
> (d) 3BTech's Motion for Temporary Restraining Order and
> Preliminary Injunction predicated on a counterclaim 3BTech still
> has yet to plead.

[DE 98]. Despite MercAsia's frustration with 3BTech and Mr. Zhu's litigation strategy,

none of these alternative sanctions—besides the award of expenses and fees related to

MercAsia's motions to compel already granted by separate order—are warranted or proportional to the needs of this case at this time. Yet while the Court declines to label 3BTech's litigation conduct as vexatious and obstreperous as MercAsia requests, the record makes clear that 3BTech, through Mr. Zhu, have unnecessarily complicated and delayed this action by withholding relevant discovery until ordered by this Court. Their conduct is inconsistent with Rule 1's requirement that the parties and this Court apply the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of [this] action." As such, the Court advises 3BTech to proceed with integrity, honesty, and respect for MercAsia, this Court, and their own ethical obligations under this Court's rules and any applicable professional codes of conduct going forward. Should the unfavorable decisions and orders of this Court fail to motivate 3BTech accordingly, MercAsia would be well within its right to pursue any sanction appropriate in the future.

Additionally, the Court acknowledges that MercAsia's instant Motion targeted Mr. Zhu personally for his contribution to the delay and misrepresentations in this action. The Court need not reach the question of whether he should be held jointly and severally liable for any judgment at this time because no further sanctions of any kind are warranted against 3BTech. However, Mr. Zhu's role in this litigation going forward will be scrutinized should further sanctions be requested.

**III.    CONCLUSION**

For the reasons discussed above, the undersigned **RECOMMENDS** that

Plaintiff's Motion for Sanctions in the Form of Entry of Default Judgment [DE 98] be

**DENIED**.

> **NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED** this 1st day of March 2021.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge