UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MERCASIA USA LTD,<br><br>    Plaintiff,<br><br>    v.<br><br>3BTECH, INC.,<br><br>    Defendant. | Case No. 3:17-CV-718 JD |

## ORDER

Plaintiff MercAsia USA moved the Court for sanctions in the form of an entry of default judgment against Defendant 3BTech to address discovery and litigation abuses it alleges 3BTech and 3BTech president Jianqing "Johnny" Zhu have committed while this case has been pending. (DE 98.) The Court referred that motion to the magistrate judge pursuant to 28 U.S.C. §636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Michael G. Gotsch, Sr., prepared a Report and Recommendation in which he recommends that the Court deny MercAsia's motion. (DE 147.) In particular, he concluded that MercAsia has not shown that 3BTech acted with the required willfulness, bad faith, or fault necessary to justify sanction under Federal Rule of Civil Procedure 37 and further concluded that a separate, already entered order granting two MercAsia motions to compel and requiring 3BTech to pay related fees better fit the disputed conduct at this stage of the case. *See Rice v. City of Chicago*, 333 F.3d 780, 784–85 (7th Cir. 2003) (holding sanction under Rule 37 is reserved for "extreme situations" and requires willful or bad faith conduct); *Schilling v. Walworth Cnty. Park & Plan. Comm'n*, 805 F.2d 272, 275 (7th Cir. 1986) (holding that absent willfulness, bad faith, or fault, judicial discretion requires a district court consider less severe sanctions).

After referring a dispositive motion to a magistrate judge, a district court has discretion to accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge, 28 U.S.C. § 636(b)(1). Consistent with Federal Rule of Civil Procedure 72(b)(2), the district court must undertake a de novo review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)). If no objection or only a partial objection is made, the court reviews those unobjected to portions for clear error. *Id.* Under the clear error standard, a court will only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co, Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). The Report and Recommendation was entered on the docket on March 1, 2021, giving the parties through March 15, 2021 to file an objection. Fed. R. Civ. P. 72(b)(2). No parties filed an objection, so the Court reviews for clear error.

The Court's review does not find clear error in the Report and Recommendation. The Court agrees with the Report and Recommendation that while 3BTech's conduct has unnecessarily complicated and delayed this action, MercAsia has not shown evidence of willfulness, bad faith, or fault that would justify Rule 37 sanctions in the form of default judgment. Further, the Court agrees that the fee-shifting imposed in the order granting MercAsia's two motions to compel adequately addresses 3BTech's conduct at this stage in the litigation. The Court thus ADOPTS the Report and Recommendation in its entirety (DE 147) and accordingly DENIES MercAsia's Motion for Sanctions in the Form of Entry of Default Judgment (DE 98).

SO ORDERED.

ENTERED: March 16, 2021

                /s/ JON E. DEGUILIO
              Chief Judge
              United States District Court